**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

| | |
|---|---|
| IN RE: | |
| DONNA MARIE TURNER | CASE NO. 24-20224 |
| DEBTOR | CHAPTER 13 |
| GREGORY T. POPOVICH | PLAINTIFF |
| V. | ADV. NO. 24-2008 |
| DONNA MARIE TURNER | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On August 14, 2025, Debtor/Defendant Donna Marie Turner filed a Motion for Summary Judgment in this proceeding [ECF No. 30 (the "Motion")]. The Court entered an Order requiring Plaintiff Gregory T. Popovich to respond to the Motion on or before August 28, 2025 [ECF No. 31]. Plaintiff did not do so, instead filing an untimely Response on September 1, 2025, that does not explain Plaintiff's failure to meet the deadline [ECF No. 36 (the "Response")]. The Court has reviewed these filings and the record in this case. The discovery period closed on July 1, 2025, and trial is set for September 25, 2025. [ECF No. 29 ¶¶ 1, 7.] No oral argument is needed to resolve the Motion. It is ripe for disposition and will be granted.

This Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. Venue is proper in this District. 28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I). The parties have consented to the Court's entry of a final order.

**I.    FACTUAL AND PROCEDURAL BACKGROUND.**

On November 18, 2024, Plaintiff filed a one-count Complaint to except a debt Defendant owes to Plaintiff from her discharge. [ECF No. 1 (the "Complaint").] The Complaint does not

reference a subpart of § 523(a)[1] and its only reference to a legal basis for relief is: "The conduct of the Defendant, as set forth in paragraph 12 above,[2] constitutes willful and malicious injury to the property of the Plaintiff." [Complaint ¶ 19.]  This clearly refers to § 523(a)(6), which states certain kinds of discharge under the Code do "not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

The Complaint alleges the Campbell (KY) Circuit Court reduced the debt at issue to a default judgment in February 2024; it stems from Defendant's rental of a single-family dwelling from Plaintiff from 2021 through 2023.  The $9,254.09 judgment Plaintiff received covered "unpaid rent and damages to the rental unit[,]" but the debt sought to be excepted is $4,754.09 ("along with statutory interest thereon") as Plaintiff "receive[d] a sum of money from the garnishment of Defendant's wages." [Complaint ¶¶ 13, 15, p.4 (Wherefore Clause).]  The Complaint does not attach the state court's judgment or any other exhibits.

While the Motion attaches multiple documents, including several from the parties' state court proceeding, it does not contain a statement of undisputed material facts, otherwise identify any such facts, or even state no material facts are in dispute.  Instead, it proceeds directly to Defendant's legal argument that Plaintiff lacks evidence to support the essential elements of his § 523(a)(6) claim.  Defendant further notes that Plaintiff, in response to a Request for Admission, conceded he has no knowledge of whether "Debtor personally caused the damage to the rental unit." [Motion pp.2-3; *see also* ECF No. 30-2 p.2; ECF No. 30-3 p.52.]  In sum, "Defendant

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Civil Procedure are referred to as "Civil Rule." The Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule."

[2] In turn, paragraph 12 states: "Upon Plaintiff's inspection of the vacated premises the rental unit had sustained damages as the result of the purposeful destruction by Defendant or someone under her control."  [Complaint ¶ 12.]

contends that the materials in the record do not establish a record that would potentially support a finding that she engaged in willful or malicious conduct." [*Id*. p.3.]

Plaintiff's untimely Response does not contain an argument supported by any legal citations other than an excerpted quotation from Civil Rule 56. It neither attaches evidence nor contains a record citation to any materials in the Court's docket in this proceeding (or in Debtor's main case). Nevertheless, the Response contends disputes of material fact exist that preclude entry of a summary judgment. It also states (a) Defendant admits "she was liable for damages in state court which could be considered *res judicata* in this case[;]"[3] (b) Plaintiff will substantiate the allegations in the Complaint at trial by testimony and evidence that will prove Defendant willfully and maliciously damaged the residential property; and (c) Debtor's willful and malicious intent can be inferred because "[w]hile Plaintiff was not present when damage was being done to his property it is not a stretch to conclude that if Defendant received the property for the rental period from Plaintiff in a habitable condition then Plaintiff received it back in a uninhabitable or, at the least, damaged condition, then Defendant or someone under her control, caused said damage." [Response pp. 1-3.]

## II.     ANALYSIS.

### A.     Defendant has established an entitlement to a summary judgment.

As explained further below, the Court will exclude Plaintiff's untimely Response in evaluating this Motion. Nevertheless, before awarding her any relief, the Court still must determine whether Defendant has shown she is entitled to a summary judgment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970) (holding the non-movant did not need to submit

---

[3] A crucial component of a claim to except a debt from discharge is that a debt must exist or be proven. *See*, *e.g.*, *Feldman v. Pearl (In re Pearl)*, 577 B.R. 513, 529 (Bankr. E.D. Ky. 2017) (stating "the existence of a debt" is a "fundamental prerequisite" of a claim to except a debt from discharge). Defendant does not challenge the existence of a debt owed to Plaintiff.

3

opposing papers when the movant failed to meet his initial burden of proof that he was entitled to summary judgment). Accordingly, the Court must consider whether Defendant's Motion satisfies the applicable standard. As this Court previously has explained:

> A summary judgment is appropriate if the pleadings, discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. BANKR. P. 7056(c)(2). A summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577 (6th Cir. 2007).
>
> The moving party has the initial burden of proving that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). To meet this burden, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. *Id.* at 1478. Essentially, a motion for summary judgment is a means by which to "challenge the opposing party to 'put up or shut up' on a critical issue." *Id.*
>
> *Cox v. Ky. DOT*, 53 F.3d 146, 149 (6th Cir. 1995).

*Calloway Cleaning & Restoration, Inc. v. McFarland (In re McFarland)*, Adv. No. 17-2004, 2018 Bankr. LEXIS 451, at *8 (Bankr. E.D. Ky. Feb. 20, 2018).

To exclude the state court judgment debt from Defendant's discharge under § 523(a)(6), Plaintiff would have to establish that (1) Defendant engaged in conduct that was (2) willful and (3) malicious, with (4) the actual intent to cause injury or with a belief that the injury was substantially certain to result from her conduct. *See Feldman v. Pearl*, 577 B.R. at 532. Defendant contends the record lacks evidence to support these elements.

The Court has reviewed the attachments to the Motion, including Plaintiff's verified complaint in Kentucky state court, the *pro se* Answer Defendant filed in that court, and the state court's default judgment.[4] These documents do not establish Defendant committed a willful and

---

[4] Notably, the verified complaint in state court also does not expressly identify any specific cause of action against Defendant. Neither does the default judgment.

malicious act that caused an injury to Plaintiff. While the verified complaint did allege "the apartment had sustained damages as a result of the purposeful destruction by Defendant and/or her son" [ECF No. 35-1 p.6], and the default judgment states Defendant did not present evidence to dispute any material fact [*id*. pp.17-18], the default judgment does not establish Defendant caused a willful and malicious injury, especially given the high standard applied to this claim. *See*, *e.g.*, *Meyers v. IRS (In re Meyers)*, 196 F.3d 622, 624 (6th Cir. 1999) ("As a general matter, exceptions to discharge are narrowly construed to promote the central purpose of the discharge: relief for the 'honest but unfortunate debtor.'" (citation and quotation marks omitted)).

The record lacks evidence to satisfy the elements of the § 523(a)(6) claim alleged in the Complaint. Defendant has demonstrated an entitlement to a summary judgment in her favor.

> **B.    The Court, in its discretion, rejects Plaintiff's untimely Response but, even if it were to be considered, summary judgment is appropriate.**

"The court has discretion to permit or exclude late-filed materials in opposition to summary judgment." *In re Confer*, 277 B.R. 374, 377 (Bankr. S.D. Ohio 2002) (citations omitted). In other words, "the Court is not precluded from deciding even a dispositive motion without considering input from a party who was afforded an opportunity, but failed, to timely apprise the Court of its arguments." *Blankenship v. Parke Care Centers, Inc.*, 913 F. Supp. 1045, 1049 (S.D. Ohio 1995), *aff'd*, 123 F.3d 868 (6th Cir. 1997); *see also In re Paxos*, No. 12-61280, 2014 WL 1089812, at *2 (Bankr. N.D. Ohio Mar. 19, 2014) (declining to consider an untimely response to a motion for summary judgment). In its discretion, the Court concludes Plaintiff's failure to comply with this Court's Order, and Plaintiff's decision not to explain (or request to excuse) his non-compliance, warrants excluding the Response.

Even if the Court were to accept the Response, however, the result would be the same. The Response lacks a supported legal argument. It offers no evidence to establish the elements of Plaintiff's § 523(a)(6) claim. The reference to the default judgment does not save Plaintiff as,

5

again, the judgment does not satisfy all elements of the non-dischargeability claim. *See Morris v. Brown*, No. CV 11-02-GFVT, 2011 WL 13186539, at *2 (E.D. Ky. Aug. 5, 2011), *aff'd sub nom. In re Brown*, 489 F. App'x 890 (6th Cir. 2012). Finally, Plaintiff cannot merely assert he will introduce evidence at trial to satisfy the elements of his claim when facing a motion for summary judgment. Plaintiff was called to "put up or shut up" and did not meet the moment.

### III.  CONCLUSION.

For the foregoing reasons, Defendant's Motion will be granted. A separate judgment will be entered.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Douglas L. Lutz*
**Bankruptcy Judge**
**Dated: Thursday, September 4, 2025**
**(dll)**